UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LAMONT MARSHALL | CIVIL ACTION NO. 6:22-cv-00999 |
| VERSUS | JUDGE SUMMERHAYS |
| FRANZISKA DUHR, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before the court is the plaintiff's motion to remand (Rec. Doc. 4). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be denied.

### Background

This lawsuit began in Louisiana state court. In his petition for damages, Lamont Marshall alleged that he was injured in a motor vehicle accident that occurred on March 9, 2021, when a vehicle owned by Uwe Duhr and being driven by Franziska Duhr changed lanes, striking the passenger side of his vehicle. Mr. Marshall sued the driver, Ms. Duhr; the owner of the vehicle, Mr. Duhr; and their insurer, Auto-Owners Insurance Company. The defendants removed the action, alleging that the court has subject-matter jurisdiction under 28 U.S.C. § 1332

because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum. The plaintiff then filed the instant motion to remand, arguing that procedural issues precluded removal and that the parties are not diverse in citizenship.

## Law and Argument

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] A federal court has "diversity jurisdiction" when the amount-in-controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all the defendants.[2] Procedural requirements for removal are set forth in 28 U.S.C. § 1446, including a thirty-day time limit and a unanimity requirement. The removing party bears the burden of establishing diversity jurisdiction.[3] "Any ambiguities are construed against removal and in favor of remand to state court."[4] Indeed, any doubts as to the propriety of removal should be construed strictly in favor of

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

[2] See 28 U.S.C. § 1332(a).

[3] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d at 397; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

remand.[5]  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[6]

### A. The Plaintiff's Procedural Arguments

The plaintiff raised two procedural objections to removal, arguing, first, that the removal was untimely and, second, that the removal was not unanimous. Neither argument has merit.

#### 1. Removal was Timely

The plaintiff's petition was filed in the 15th Judicial District Court, Lafayette Parish, Louisiana, on March 8, 2022.[7]  Ms. Duhr was served on March 31, 2022.[8] The defendant removed the suit on April 14, 2022.[9]  Although the case was removed less than thirty days after Ms. Duhr was served, the plaintiff argued that the removal was not timely because the plaintiff's counsel had emailed a copy of the petition to the defendants' counsel more than thirty days before the suit was removed.

The statute relied upon by the plaintiff states that a removal notice must be filed "within 30 days after the receipt by the defendant, *through service or otherwise*,

---

[5]     *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

[6]     28 U.S.C. § 1447(c).

[7]     Rec. Doc. 1-1 at 5.

[8]     Rec. Doc. 1-1 at 1.

[9]     Rec. Doc. 1 at 1.

3

of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."[10] But the United States Supreme Court has held that the time period for removal is not triggered by a defendant's "mere receipt of the complaint unattended by any formal service."[11] Instead, the defendant has thirty days after formal service in which to remove an action.[12] Accordingly, the plaintiff's argument has been rejected in other cases[13] and must be rejected in this one.

The plaintiff also argued that the three "defendants are represented by the same counsel who is without a doubt authorized to receive process on behalf of all Defendants,"[14] suggesting that the attorney's actual knowledge that a suit had been filed would start the removal clock ticking. While the plaintiff presented evidence that an email was sent to Ms. Duhr's counsel, allegedly with a copy of the petition attached, he did not establish that service of process was made on Ms. Duhr's counsel at any time. Instead, the plaintiff asserted that Mr. Duhr and Auto-Owners

---

[10]   28 U.S.C. § 1446(b) (emphasis added).

[11]   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

[12]   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. at 348. See, also, *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) ("a defendant's right to removal runs from the date on which it is formally served with process"); *Board of Regents of University of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

[13]   See, e.g., *Kutchinski v. Costco Wholesale Corp.*, No. 4:22-CV-00083, 2022 WL 1809308, at *2 (S.D. Tex. June 1, 2022); *Bower v. Wurth*, No. 6:20-CV-0579, 2020 WL 5224518, at *3 (W.D. La. July 31, 2020), report and recommendation adopted, 2020 WL 5227491 (W.D. La. Sept. 1, 2020).

[14]   Rec. Doc. 4-1 at 4.

were served via the long-arm statute and that Ms. Duhr was personally served.[15] The plaintiff did not prove what documents were attached to the email. More important, the defendants presented evidence proving that Ms. Duhr was personally served.[16]

Moreover, this same argument has been rejected previously. When a plaintiff reasoned "that receipt of the summons and petition by defense counsel triggered [the defendant's] removal period because district courts have held that acceptance of service by an attorney on a defendant's behalf may commence the removal period," the court noted that a "defendant's right to removal runs from the date on which it is formally served with process"[17] and stated that a party is not required to remove a case until it has become subject to the powers of the court through service.[18] In this case, the plaintiff provided no evidence that the defendant's counsel accepted service on behalf of Ms. Duhr or on behalf of any other defendant. Therefore, providing a copy of the petition to the defendants' counsel did not start the removal clock running. This Court therefore finds that the removal, which occurred less than thirty days after Ms. Duhr was personally served, was timely.

---

[15] Rec. Doc. 4-1 at 1-2.

[16] Rec. Doc. 1-1 at 1.

[17] *Wawrzycki v. Bales*, No. 20-370, 2020 WL 1527914, at *3 (E.D. La. Mar. 31, 2020) (quoting *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d at 303).

[18] *Wawrzycki v. Bales*, 2020 WL 1527914, at *3 (quoting *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d at 303).

## 2. All Defendants Consented to Removal

The plaintiff's second procedural argument is that the defendants' removal notice failed to establish the consent of all defendants to the removal. The relevant statute requires all defendants to either "join in *or* consent to the removal of the action."[19] There are three defendants in this lawsuit: Ms. Duhr, her father, and their insurer. The first sentence of the removal notice states unequivocally that all three of the defendants jointly removed the case. Therefore, this Court finds that the three defendants joined in the removal, relieving them of any obligation to separately consent to the removal. Accordingly, the plaintiff's argument lacks merit.

## B. The Amount in Controversy

The amount in controversy is the sum claimed in good faith by the plaintiff in his complaint.[20] In this case, however, the plaintiff's petition does not include a statement regarding the amount in controversy because Louisiana law prohibits plaintiffs from seeking the recovery of a specific amount of damages.[21] When no amount of damages is alleged in the state court petition, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds

---

[19]   28 U.S.C. § 1446b(2)(B) (emphasis added).

[20]   *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[21]   Louisiana Code of Civil Procedure Article 893(A)(1).

the jurisdictional minimum.[22] Indeed, the Fifth Circuit has articulated "a clear analytical framework for evaluating jurisdiction for cases filed in Louisiana state courts, with no monetary amount of damages asserted, when they are removed to federal court on the basis of diversity."[23] The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, and this burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, supported by summary-judgment-type evidence, that support a finding of the requisite amount.[24] Thus, the district court must first examine the complaint to determine whether it is facially apparent that the value of the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[25]

The plaintiff did not address the amount in controversy in his remand motion, and the defendants did not address the amount in controversy in their opposition brief. Upon *sua sponte* review of the pleadings, however, this Court found that the

---

[22]    See 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

[23]    *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

[24]    *Simon v. Wal-Mart*, 193 F.3d at 850; *Luckett v. Delta Airlines,* 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[25]    *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

amount in controversy is not apparent on the face of the plaintiff's petition and required the defendants to brief that issue.[26] In response, the defendants presented evidence of the medical treatment received by the plaintiff following the incident in which he claims to have been injured,[27] compared his claimed damages against awards in other cases,[28] and submitted the plaintiff's stipulation that he is seeking to recover more than $75,000 in this lawsuit.[29] This evidence indicates that the amount in controversy exceeds the jurisdictional threshold.

Although subject-matter jurisdiction is evaluated on the basis of the claims set forth in the state court complaint as it existed at the time of removal,[30] and post-removal events generally do not deprive the court of jurisdiction,[31] information set forth in post-removal documents may be considered if the basis for jurisdiction was ambiguous at the time of removal and the information assists the court in determining the amount in controversy at the time of removal.[32] Here, this Court

---

[26] Rec. Doc. 7 at 2.

[27] Rec. Doc. 8-1.

[28] Rec. Doc. 8 at 5-7.

[29] Rec. Doc. 8-2.

[30] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

[31] *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

[32] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

was unable to determine from the face of the plaintiff's petition whether the amount-in-controversy requirement was satisfied at the time of removal, and the information recently provided by the defendants does not suggest that a change related to jurisdiction occurred after removal. Instead, the information established that, at the time of removal, the amount in controversy exceeded the jurisdictional threshold. Therefore, this Court now finds that the defendants satisfied their burden of proving that the amount in controversy exceeds the jurisdictional minimum.

## C. The Parties are Diverse in Citizenship

In support of his remand motion, the plaintiff argued that the parties are not diverse because he and Ms. Duhr are both citizens of Louisiana. "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."[33]

In his petition, the plaintiff alleged that he is a resident of Louisiana. The citizenship of a natural person is determined by the state in which he is domiciled.[34] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[35] Evidence of a person's place of

---

[33]  *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

[34]  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[35]  *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

residence, however, is *prima facie* proof of his domicile.[36] The defendants did not challenge the plaintiff's citizenship; therefore, this Court accepts that Mr. Marshall is a Louisiana citizen.

The plaintiff's petition alleged that Auto-Owners is a foreign corporation, which is insufficient to establish its citizenship. In the removal notice, however, the defendants stated that Auto-Owners is a Michigan corporation with its principal place of business in Michigan, and this information was not challenged in the motion to remand. Since a corporation's citizenship is determined by its state of incorporation and the state of its principal place of business,[37] the defendants' allegations were sufficient to establish that Auto-Owners is a Michigan citizen.

In his petition, the plaintiff alleged that Franziska Duhr is domiciled in Louisiana while Uwe Duhr is domiciled in Michigan. The allegation as to Mr. Duhr was reiterated in the defendants' removal notice and was not challenged by the plaintiff in his remand motion. This Court therefore accepts that Mr. Duhr is a Michigan citizen.

In the removal notice, the defendants asserted that Ms. Duhr is domiciled in Michigan rather than in Louisiana. In seeking remand, the plaintiff challenged that

---

[36] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571.

[37] 28 U.S.C. § 1332(c)(1).

assertion, arguing that Ms. Duhr is domiciled in Louisiana, that the parties are not diverse in citizenship, and that the lawsuit should be remanded to state court.

Although the accident report lists a Louisiana address and telephone number for Ms. Duhr, the defendants submitted her declaration,[38] in which she stated that she is German citizen, moved with her parents to Michigan in 2016, and moved to Louisiana to attend college in 2018. She stated that she had no intention of remaining in Louisiana after finishing school and will move back to Germany after graduation in 2023. She stated that she "went home" to Michigan during Thanksgiving 2018, Easter breaks in 2019 and 2020, summer breaks in 2019 and 2020, winter breaks in 2018 and 2019, and the first week of winter breaks in 2020 and 2021. She also stated that she moved back to Michigan at the beginning of the Covid-19 pandemic and attended school online from Michigan between February 2020 and August 2020. She stated that, at the time of the accident, she owned no property in Louisiana, was not registered to vote in Louisiana, and had a Michigan drivers' license. She described her presence in Louisiana as "temporary."

At birth, a person acquires a "domicile of origin," which is presumed to continue absent evidence of a change of domicile.[39] "A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2)

---

[38] Rec. Doc. 6-1.

[39] *Acridge v. Evangelical Lutheran Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003).

an intention to remain there indefinitely."[40] To determine whether a person has changed domicile, the court may consider where the person votes, pays taxes, owns property, has drivers' and other licenses, maintains bank accounts, belongs to clubs and churches, works, and maintains a home.[41] No one factor is determinative.[42]

Out-of-state students are generally viewed as temporary residents in the state where their school is located only for the duration of their studies and without changing domicile.[43] A significant factor is whether the student intends to remain in the state after their education is complete, but a person's statements of intent to either remain in a previous domicile or establish a new one are entitled to little weight if they conflict with objective facts.[44] Thus, although a student can become a domiciliary of the state in which his or her school is located, such a change must be supported with objective evidence beyond simply residing in the school's state.

---

[40] *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

[41] *Acridge v. Evangelical Lutheran Samaritan Soc'y*, 334 F.3d at 448; *Coury v. Prot*, 85 F.3d at 250.

[42] *Acridge v. Evangelical Lutheran Samaritan Soc'y*, 334 F.3d 448; *Coury v. Prot*, 85 F.3d at 251.

[43] *Legendre v. MAPFRE Insurance Company*, No. 18-5487, 2019 WL 410425, at *4 n. 28 (E.D. La. Feb. 1, 2019) (citing 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3619 (3d ed. 1998)). See, also, *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir. 1974).

[44] *Acridge v. Evangelical Lutheran Samaritan Soc'y*, 334 F.3d 448; *Coury v. Prot*, 85 F.3d at 251.

Ms. Duhr's declaration contains not only a statement of her intent to maintain her domicile in Michigan but also concrete, objective facts supporting that intention. The plaintiff objected to Ms. Duhr's declaration, however, on the basis that it is unsworn and entitled to little evidentiary weight. This argument lacks merit.

Courts have wide discretion to decide what evidence to use in making a jurisdictional determination[45] and they routinely consider summary-judgment-type evidence when resolving jurisdictional issues such as a person's domicile.[46] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[47]

In federal courts, both affidavits and declarations are admissible summary judgment evidence.[48] Fed. R. Civ. P. 56 states that deposition transcripts, affidavits, declarations, stipulations, admissions, or other similar materials may be used to support a motion for summary judgment. The same rule clarifies the definition of the term "declaration," stating that "[a]n affidavit or declaration used to support or

---

[45] *Coury v. Prot*, 85 F.3d at 249.

[46] See, e.g., *Anderson v. Dean*, No. 21-1891 c/w 21-1897, et al., 2022 WL 815253, at *12 (E.D. La. Mar. 17, 2022); *Jzace#1, LLC v. Jack-Cat, LLC*, No. 7:15-CV-275, 2015 WL 12777185, at *2 (S.D. Tex. Aug. 12, 2015).

[47] *Coury v. Prot*, 85 F.3d at 249.

[48] Fed. R. Civ. P. 56(c)(4); 28 U.S.C. § 1746; *Stewart v. Guzman*, 555 Fed. App'x 425, 431-32 (5th Cir. 2014).

oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[49] There is no requirement in that rule that the affidavit or declaration be sworn before a notary public or other official. Additionally, 28 U.S.C. § 1746 states that any matter that is required or permitted to be supported, evidenced, established, or proved by a sworn declaration or affidavit can be supported, evidenced, established, or proved by an unsworn declaration stating that it was made under penalty of perjury. Therefore, courts have seen no reason to differentiate between sworn affidavits and appropriate unsworn declarations.[50]

Ms. Duhr's declaration expressly stated that it was based on her own knowledge and given under penalty of perjury. Accordingly, it followed the prescribed statutory form and is evidence of the facts set forth therein without the necessity of further corroborating evidence. Aside from a local address and telephone number associated with Ms. Duhr's temporary residence, no contrary evidence was presented. This Court therefore finds that Ms. Duhr's declaration

---

[49] Fed. R. Civ. P. 56(c)(4).

[50] See, e.g., *Anderson v. Dean*, 2022 WL 815253, at *12 n. 107; *M & M Electric Services Co. LLC v. Pelican Refining Co. LLC*, No. 21-CV-569, 2022 WL 852007, at *3 (W.D. La. Feb 8, 2022), report and recommendation adopted, 2022 WL 851233 (W.D. La. Mar. 21, 2022); Jzace#1, LLC v. Jack-Cat, LLC, No. 15-275, 2015 WL 12777185, at *2 (S.D. Tex. Aug. 12, 2015) (finding that declaration, made pursuant to 28 U.S.C. § 1746, is competent and relevant evidence to establish domicile).

established that she is a Michigan citizen. Accordingly, this Court also finds that the parties are diverse in citizenship.

## Conclusion

The defendants established that the amount in controversy exceeds the jurisdictional threshold and that the parties are diverse in citizenship. Accordingly, they established that the court has subject-matter jurisdiction over this action. Additionally, the plaintiff's procedural objections to removal lack merit. For these reasons, it is recommended that the plaintiff's motion to remand should be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[51]

Signed at Lafayette, Louisiana, this 29th day of June 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[51] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).