UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LAMONT MARSHALL | CIVIL ACTION NO. 6:22-CV-00999 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| FRANZISKA DUHR ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before the Court is a MOTION TO REMAND filed by Plaintiff Lamont Marshall (Rec. Doc. 23). The Motion was filed on September 11, 2023, and any response was due on October 2, 2023. Defendants Franziska Duhr, Uwe Duhr, and Auto-Owners Insurance Company (Auto-Owners)[1] have not opposed the motion. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that Marshall's MOTION TO REMAND (Rec. Doc. 23) be GRANTED and that this case be remanded to the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. The Court further recommends that Marshall's request for costs and actual expenses, including attorney's fees, be DENIED.

**Factual Background**

This suit arises from a March 9, 2021, motor vehicle accident in Lafayette Parish, Louisiana. (Rec. Doc. 1-1). In the original petition filed in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana on March 8, 2022, Plaintiff alleged that he was injured when a vehicle owned by Uwe Duhr and being driven by Franziska Duhr changed lanes,

---

[1] As noted below, Trevante Booker was added as a defendant by Amended Complaint and Summons was issued on August 24, 2023. (Rec. Doc. 21, 22). Booker has not been served. The pleadings reference various spellings of Booker's first name. The Court will use "Trevante" since that spelling is used in the Amended Complaint, (Rec. Doc. 21).

striking the passenger side of his vehicle. Uwe Duhr is the father of Franziska Duhr who was a student at the University of Louisiana at Lafayette at the time of the accident. Marshall sued the driver, Franziska Duhr; the owner of the vehicle, Uwe Duhr, and their insurer, Auto-Owners. (*Id.*).

By notice dated April 14, 2022, Defendants removed the action, alleging that the court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum. (Rec. Doc. 1). Based on the evidence introduced at the time, this Court determined that Marshall was a Louisiana citizen, that defendants Auto-Owners, Franziska Duhr and Uwe Duhr were Michigan citizens for jurisdiction purposes, and that the amount in controversy exceeded $75,000. (Rec. Doc. 12). Thus, this Court was satisfied that it had subject matter jurisdiction over this matter since the parties were diverse and the jurisdictional amount was met. (*Id.*).

On August 24, 2023, Marshall filed an Amended Complaint adding Trevante Booker, "an individual of the full age of majority domiciled in Lafayette, Lafayette Parish, Louisiana" as a defendant and alleging that Booker rather than Franziska Duhr was the operator of the vehicle at the time of the accident. (Rec. Doc. 21). Marshall then filed the instant Motion to Remand, which asserts a lack of federal subject matter jurisdiction over this suit because the parties are not completely diverse in citizenship under § 1332(a). Marshall further requests that "Defendants be ordered to pay all just costs and actual expenses, including attorney fees, incurred by Plaintiff and his attorney(s) as a result of Defendants' improvident and fraudulent removal." (Rec. Doc. 23).

Specifically, Marshall claims that Franziska Duhr "lied to the investigating officer, in discovery, and in her deposition that she was the driver of the opposing vehicle at the time of the accident," but that she later admitted that her boyfriend, Booker was the driver of the vehicle at the time of the accident. (Rec. Doc. 23). Marshall further claims that because he

2

and Booker were Louisiana residents for diversity purposes at the time of the accident and when suit was filed, the parties are not diverse in citizenship. Therefore, Marshall asserts that this Court lacks subject matter jurisdiction over this matter and that it should be remanded back to the Fifteenth Judicial District, Lafayette Parish, Louisiana. (*Id.*).

## **Applicable Standards and Discussion**

Federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Subject matter jurisdiction under § 1332 requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.00, exclusive of court costs and interest. 28 U.S.C. § 1332(a); *English v. Aramark Corp.*, 858 F. App'x. 115, 115-16 (5th Cir. 2021) (citing *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "Complete diversity" means that all plaintiffs must be citizens of differing states from all defendants. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

A fee award on remand after removal is not automatic. Courts have the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In general, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If the removing party "could conclude from th[e] case law that its position was not an unreasonable one" at the time of removal, then it had an objectively reasonable basis for removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

3

## Discussion

Marshall's Amended Complaint and Motion to Remand assert that Booker is a Louisiana domiciliary, defeating diversity jurisdiction in this matter. (Rec. Docs. 21, 23). Considering Booker's Louisiana citizenship, Marshall's amended complaint destroyed the Court's subject matter jurisdiction over this case. Defendants did not file an opposition to the Motion for Leave to File the Amended Complaint and did not file an opposition to the Motion to Remand.

Where the addition of a "nonindispensable" party will result in destruction of jurisdiction, courts must consider the factors enumerated in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The relevant factors include: (1) whether the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factor bearing on the equities of the case. *Id.*

The Court considered but did not set forth its reasons for granting the motion for leave to amend but does so now. Applying the *Hensgens* factors to the instant case, this Court finds that Marshall's Motion for Leave to Amend was prompted by the later discovery that Booker rather than Franziska Duhr was the driver of the vehicle at the time of the accident and was not undertaken for the purpose of defeating diversity jurisdiction. As driver, Booker is a proper party defendant. Next, this Court finds that the delay of approximately four months between the date of the filing of the 26(f) Report wherein Marshall claims he learned that Franziska Duhr changed her testimony and that Booker was the driver and Marshall's instant motion is not unreasonable particularly in light of the fact that for some reason the Errata Sheet which changed Franziska Duhr's testimony and was signed on January 13, 2023 was not provided to Marshall's counsel. (Rec. Docs. 17, 19-5, 23-2 at ¶ 2). This Court also finds that denial of Marshall's Motion to Amend would have resulted in prejudice, since

Marshall articulated a viable claim against Booker based on the fact that he was driving the vehicle at the time of the accident. Finally, denial Marshall's Motion to Amend would have resulted in undue delay in the adjudication of the totality of Marshall's claims in this case. Efficient adjudication of Marshall's claim is advanced by enabling all claims and defenses to be asserted against all relevant defendants in a single suit. For these reasons, the *Hensgens* factors support Marshall's request for relief and this Court will recommend that Marshall's motion be granted. Having found that the Court no longer has diversity jurisdiction in this case, this Court recommends that Marshall's Motion to Remand should be granted, and that Marshall's suit be remanded to the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, pursuant to 28 U.S.C. § 1447(e). *Doleac ex rel. Doleac v. Michalson, Cobb v. Delta Exports, Inc.*, 264 F.3d 470, 475 (5th Cir. 2001); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

Marshall also seeks attorney's fees and costs associated with Defendants' allegedly improvident and fraudulent removal. Marshall asserts that after Franziska Duhr's December 19, 2022, deposition she retained independent counsel and filled out the deposition Errata Sheet which completely changed her testimony regarding who was driving the vehicle at the time of the accident. (Rec. Doc. 23). According to her deposition testimony, Franziska Duhr was driving the vehicle at the time of the accident, and she never gave Booker permission to drive the vehicle - which was owned by her father - because Booker did not have a driver's license. (Rec. Doc. 19-4, p. 19). Franziska Duhr also asserts that as a German citizen she is not "familiar with the U.S. law system or the police." (Rec. Doc. 19-4, p. 29). The reasons that Franziska Duhr claimed to be driving the vehicle remain unclear, but it is clear that she repeatedly asserted that she was the driver of the vehicle until after her deposition. Accordingly, the Court finds that there was an objectively reasonable basis for seeking removal based on diversity jurisdiction at the time of the removal.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff Lamont Marshall's MOTION TO REMAND (Rec. Doc. 23) be GRANTED and, accordingly, that Plaintiff's suit be REMANDED to the Fifteenth Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 16th day of October, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE